**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Elizabeth Sibrian-Pineda and Marcos Sibrian-Pineda,
Defendants,

Of whom Elizabeth Sibrian-Pineda is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2018-000226

———————

Appeal From Spartanburg County
Phillip K. Sinclair, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-130
Heard February 27, 2019 – Filed April 4, 2019

———————

**AFFIRMED**

———————

William Cory Hughes, of Law Office of W. Cory Hughes, LLC, of Greenville, for Appellant.

Robert C. Rhoden, III, of South Carolina Department of Social Services, of Spartanburg, for Respondent.

Jamia Diann Foster, of Law Office of Jamia D. Foster LLC, of Spartanburg, for the Guardian ad Litem.

---

**PER CURIAM:**  Elizabeth Sibrian-Pineda (Mother) appeals a family court order terminating her parental rights to her minor children (Son and Daughter, collectively Twins).  On appeal, she argues the family court erred in (1) finding she willfully failed to support Twins, (2) finding she failed to remedy the conditions causing removal, (3) allowing the Department of Social Services (DSS) to amend its pleadings to add the statutory ground that Twins were in foster care for fifteen of the most recent twenty-two months, and (4) finding termination of parental rights (TPR) was in Twins' best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest.  S.C. Code Ann. § 63-7-2570 (Supp. 2018).  The grounds for TPR must be proved by clear and convincing evidence*.  S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence shows Mother failed to remedy the condition causing Twins' removal.  *See* § 63-7-2570(2) (providing a statutory ground for TPR is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between [DSS] and the parent[,] and the parent has not remedied the conditions which caused the removal").  Twins were removed from Mother and Marcos Sibrian-Pineda (Father) in August 2015 after Mother, Father, and Twins tested positive for methamphetamine.  Following the October 22, 2015 removal hearing, the family court issued an order finding Mother abused and/or neglected Twins and ordering her to complete a placement plan.  As part of the placement plan, Mother was required to refrain from alcohol or illegal drug use, successfully complete a substance abuse assessment and any recommendations, and obtain stable and appropriate housing.  However, in January

2016 Mother failed a drug test; the failed drug test violated Mother's probation conditions, and she was incarcerated in February 2016.

On May 26, 2016, the family court held a permanency planning hearing. The court found Mother had not completed services; however, because Father "demonstrated due diligence and a commitment to remedying the conditions which led to the removal," the court ordered a three-month extension, with the goal of reunification with Father. The family court held additional permanency planning hearings on October 27, 2016, and March 24, 2017; following each of those hearings, the court found neither Mother nor Father had completed treatment.

Mother was released on parole on September 20, 2017, and the TPR hearing was held on November 8, 2017. At that time, Mother had obtained a job, was living in transitional housing, and was in the process of finding more stable housing. During the hearing, Mother testified about her successful completion of the Addiction Treatment Unit while incarcerated. We commend Mother for taking steps to better herself, and we acknowledge the evidence suggested she had remedied her drug addiction by the time of the TPR hearing. However, we remain concerned about the length of time it took Mother to complete drug treatment. Twins entered foster care in August 2015; at the March 24, 2017 permanency planning hearing, Mother still had not completed treatment and thus had not remedied the conditions causing Twins' removal. Therefore, clear and convincing evidence shows she failed to remedy the conditions causing removal.

In addition to Mother's failure to complete treatment in a timely manner, Mother did not obtain stable and suitable housing during the twenty-six months Twins were in foster care. Mother was in a transitional home at the time of the TPR hearing that seemed to be a good fit for her, but it was not a stable home. Thus, Mother did not remedy that condition of her placement plan—a necessary component before Twins could be returned to her care. Based on the foregoing, we find clear and convincing evidence shows Mother failed to remedy the conditions causing removal.[1]

---

[1] Because clear and convincing evidence supports this ground, we decline to address whether clear and convincing evidence showed Mother willfully failed to support Twins or whether the family court erred in allowing DSS to amend its pleadings at the end of the TPR hearing. See S.C. Dep't of Soc. Servs. v. Robin Headden, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR when clear and convincing evidence supported another ground).

Finally, viewed from Twins' perspective, we find TPR is in their best interest. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Although Mother made progress and had completed drug treatment at the time of the TPR hearing, she had only been out of prison for six weeks and had not obtained stable housing. Thus, it was not clear when Twins could be safely returned to her care. Further, Twins were removed from Mother at a very young age, and Mother only visited five times during the twenty-six months they were in foster care. Finally, Twins had been in foster care twenty-six months—most of their lives. Twins' foster family expressed an interest in adopting them, so it appears they will achieve stability through adoption if TPR is affirmed. Based on Twins' need for permanency and stability, concerns about when Mother can provide a suitable home, and the likelihood Twins will be adopted if TPR is affirmed, we find TPR is in their best interest.

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**